UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTORABIT HOLDING, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>COPADO, INC., et al., <br><br>　　　　　Defendants. | Case No. 23-cv-01247-JST <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: ECF No. 22 |

Before the Court is Defendant Copado, Inc.'s motion to dismiss. ECF No. 22. The Court will grant the motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff AutoRABIT Holding, Inc. is an international software company providing development operations, backup, and recovery solutions specifically designed for the Salesforce platform. ECF No. 1 ¶ 9. The company was established in 2015. *Id.* AutoRABIT owns and operates a website at the URL www.autorabit.com. *Id.* ¶ 13. It also owns the AUTORABIT trademark. *Id.* ¶ 8.

Defendant Copado Solutions, S.L. was a Spanish entity. ECF No. 38-1 at 8–10. On June 12, 2016, Copado Solutions, S.L. registered the domain name autorabbit.com which redirected users to the website www.copado.com. ECF No. 1 ¶ 19. In July 2021, Copado Solutions, S.L. changed its name and jurisdiction of incorporation. ECF No. 38-1 at 8. The company is now called Copado Holdings, Inc. and is incorporated in the United States. *Id.* at 8–9.

Defendant Copado, Inc.—the party seeking dismissal—was formed in 2018. ECF No. 22-1 ¶ 3. Copado, Inc. is registered in Delaware and headquartered in Chicago, Illinois. *Id.* Copado,

Inc. offers "online software services for cloud software optimization." *Id.* ¶ 2. Copado, Inc. asserts that its parent company has at all times been either Copado Solutions, S.L. or Copado Holdings, Inc. ECF No. 38 at 7. It further asserts that it did not register the autorabbit.com domain name and was not involved in redirecting the domain name to copado.com. ECF No. 22-1 ¶ 4.

### B. Procedural History

On March 17, 2023, AutoRABIT filed a complaint against Defendants Copado, Inc. and Copado Solutions, S.L., alleging trademark infringement and cybersquatting relating to the registration and use of the domain name autorabbit.com. ECF No. 1 ¶ 1. Copado, Inc. filed a motion to dismiss the complaint on May 24, 2023. ECF No. 22. Thereafter, the parties filed, and the Court granted, a stipulation to allow AutoRABIT to seek jurisdictional discovery. ECF No. 30. On August 14, 2023, AutoRABIT filed its opposition to the motion to dismiss, and on September 1, 2023, Copado Inc. filed its reply. ECF Nos. 35-2, 38.

## II. SUBJECT MATTER JURISDICTION

The Court has federal question jurisdiction over AutoRABIT's claims pursuant to 28 U.S.C. § 1331 (federal question); and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), the court must dismiss an action when it does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where "the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's

2

favor." *Id.* (internal citations omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Id.* Because the applicable state "statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800–01.

"Due process permits a court to exercise personal jurisdiction over a defendant only when 'the defendant has sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Briskin v. Shopify, Inc.*, 87 F.4th 404, 411 (9th Cir. 2023) (quoting *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) (internal quotations omitted)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (emphasis in original). General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[matic] . . . bases for general jurisdiction.'" *Id.* at 137 (quoting *Goodyear*, 564 U.S. at 924). If a business is not incorporated in, and does not have its principal place of business in a forum state, "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler AG*, 571 U.S. at 139 n.19).

"Specific jurisdiction is very different." *Bristol-Myers*, 582 U.S. at 262. For the court to exercise specific jurisdiction, the lawsuit must arise out of or relate to the defendant's contacts

3

with the forum. *Id.* "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state and is therefore subject to the state's regulation." *Id.*

## IV. DISCUSSION

Copado, Inc. seeks dismissal of the complaint on the following grounds: (1) the Court lacks both general and specific jurisdiction; and (2) AutoRABIT has failed to state a claim upon which relief can be granted. The Court determines that it lacks personal jurisdiction over Copado, Inc. and decides the motion on that basis.

### A. General Jurisdiction

The parties agree that because Defendant Copado, Inc. is registered in Delaware and headquartered in Chicago, Illinois, there is no paradigmatic basis for jurisdiction. ECF No. 22 at 8; ECF No. 38 at 8. AutoRABIT claims the Court nonetheless has general jurisdiction because this is an "exceptional case." To support this argument, it points to the following circumstances:

- Copado, Inc. holds itself out as a "San Francisco, California" company. ECF No. 35-2 at 30.
- Copado, Inc.'s form customer agreement contains a California choice-of-law provision. *Id.*
- 10% of Copado's workforce, i.e., 48 employees out of a total of 453 employees worldwide, are located in California. *Id.*; ECF No. 34-5 at 8.
- Copado, Inc. attends California-centered major conferences and tradeshows. ECF No. 35-2 at 10–12.
- California is Copado Inc.'s most significant market with 113 businesses as customers generating $37 million in sales. *Id.* at 12.
- Copado, Inc.'s customers, including those in California, come to Copado, Inc. through its website. *Id.* at 13.

Copado, Inc. responds that the Salesforce AppExchange page listed Copado, Inc. as a "San Francisco, California" company when Copado, Inc. had a temporary workspace in San Francisco, but that the temporary workspace was released in 2020. ECF No. 38-2 ¶ 2. Copado, Inc.

4

1   maintains that it has been headquartered in Chicago at all times. *Id.* ¶ 3. It argues that courts have
2   not found the remaining contacts listed by AutoRABIT adequate to support a finding of general
3   jurisdiction in other cases. As such, Copado, Inc. argues that none of these contacts are sufficient
4   to render it "at home" in California. ECF No. 38 at 10.

5         The "exceptional circumstances" test sets a high bar. *Schwarzenegger*, 374 F.3d at 801. In
6   prior cases, courts faced with much more significant California contacts—including the earning of
7   large revenues, engagement with significant California customers, entering into contracts with
8   California choice of law provisions, employing workers in state, participating in conferences, and
9   even maintaining some physical presence—have nevertheless found them to be insufficient for a
10  finding of general jurisdiction. *See id.* (finding no general jurisdiction over defendant who had
11  sales contracts that included a choice-of-law provision specifying California law and who
12  maintained a website accessible in California)*; see also Martinez*, 764 F.3d at 1070 (finding no
13  general jurisdiction over defendant who had significant California customers, had contracts with
14  California companies worth between $225 and $450 million, attended industry conferences, and
15  promoted products in California), *cert. denied*, 575 U.S. 1009 (2015); *Dormoy v. HireRight, LLC*,
16  23-CV-02511-EMC, 2023 WL 5110942, at *2 (N.D. Cal. Aug. 9, 2023) (finding no general
17  jurisdiction over the defendant when it had temporary headquarters and employees in California,
18  given that defendant operated in a variety of states, with offices and executives spread across the
19  nation).

20        The contacts between Copado, Inc. and California fall short of the contacts required for
21  general jurisdiction. Copado, Inc.'s physical presence in California was temporary. That Copado,
22  Inc. earns significant revenues in California, has a large California customer base, specifies
23  California law in its contracts, employs California staff, and attends California conferences do not
24  create contacts "so substantial and of such a nature" as to justify the corporation being subject to
25  general jurisdiction in the state. *Daimler AG*, 571 U.S. at 127. The Court concludes that it does
26  not have general jurisdiction.

27        **B.**    **Specific Jurisdiction**
28        Copado, Inc. likewise argues that the Court does not have specific jurisdiction over it.

1    Copado, Inc. contends that the intentional acts giving rise to AutoRABIT's claim for specific
2    jurisdiction are the registration and redirection of autorabbit.com. ECF No. 38 at 11. Copado,
3    Inc. alleges—and a document submitted by AutoRABIT confirms—that Copado Solutions, S.L.,
4    the parent company, was responsible for registering and redirecting autorabbit.com. *Id.*; ECF No.
5    34-43. Copado, Inc. further contends that it was not involved in registering and redirecting the
6    domain. ECF No. 22-1 ¶ 4.

7    AutoRABIT argues that key individuals held leadership positions at both Copado, Inc. and
8    Copado Holdings, Inc., and that those individuals controlled operations "in a manner that
9    benefited Copado, Inc." ECF No. 1 ¶ 19; ECF No. 35-2 at 15–16. The activities of a parent entity
10   may not be attributed to a subsidiary, or vice versa, unless an alter-ego relationship exists between
11   them. *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992); *Axiom Foods,*
12   *Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 n.5 (9th Cir. 2017). In the context of registering
13   and operating websites and web domains, courts have required claimants to demonstrate how
14   actions taken by one entity with regard to a website may be imputed to another entity. *See Circle*
15   *Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-04000 SC, 2013 WL 57861 (N.D. Cal. Jan. 3,
16   2013) (declining to find personal jurisdiction over parent entity when the interactive website
17   interfaced with subsidiary, and plaintiff failed to allege sufficient facts to support an alter-ego
18   finding). In order to show that "the parent and subsidiary are 'not really separate entities,' such
19   that one entity's contacts with the forum state can be fairly attributed to the other," the plaintiff
20   must make out a prima facie case, alleging sufficient facts showing "(1) that there is such unity of
21   interest and ownership that the separate personalities of the two entities no longer exists and (2)
22   that failure to disregard their separate identities would result in fraud or injustice." *Ranza*, 793
23   F.3d at 1071–1073. The presence of overlapping executives, by itself, is not enough to make this
24   showing.

25   Accordingly, the Court concludes that it does not have specific jurisdiction over Copado,
26   Inc.

27   **CONCLUSION**

28   For the reasons given above, the Court grants Copado, Inc.'s motion to dismiss for lack of

personal jurisdiction.[1]  AutoRABIT may file an amended complaint within 21 days of this order. Leave to amend is granted solely to allow AutoRABIT to allege, if it can, sufficient facts to demonstrate a unity of interest and ownership between Copado, Inc. and, Copado Holdings, Inc., and to show why failure to disregard Copado, Inc. and, Copado Holdings, Inc.'s separate identities would result in fraud or injustice.  Failure to file an amended complaint will result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: January 3, 2024

_____
JON S. TIGAR
United States District Judge

---

[1] In light of this conclusion, the Court need not address *Impossible Foods Inc., v. Impossible X LLC*, 80 F.4th 1079 (9th Cir. 2023).  *See* ECF No. 43.  Before this Court can consider whether, under *Impossible Foods Inc.*, AutoRABIT's trademark infringement and cybersquatting claims *relate to* the Defendant's contacts with California, the Court must first determine whether Copado, Inc. is the right defendant.  The threshold question of whether the actions of Copado Solutions, S.L.—the parent company—in registering and redirecting the domain name autorabbit.com, maybe attributed to Copado, Inc. must be resolved first.

7